UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SERGIO ESCALONA AMADOR, et al.,

    Plaintiffs,

vs.                                                                                  8:11-cv-1977-JDW-AEP

LESLIE MEEKER, Field Office Director, United States
Citizenship and Immigration Services, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' motion for a preliminary injunction (Dkt. 3), to which Defendants have responded in opposition (Dkt. 15). Plaintiffs' motion seeks preliminary injunctive relief enjoining enforcement of the USCIS decision denying them adjustment of status and a remand to USCIS, ordering it to "re-adjudicate" whether they are eligible for the "no fault" exception to the statutory requirement that they continuously maintain lawful status. They contend that, notwithstanding that they submitted evidence supporting the exception, the decision was arbitrary and capricious because it failed to expressly address the exception. Counsel presented argument in open court on September 26, 2011. Upon consideration, the motion is DENIED.

### Background[1]

According to the Verified Complaint, Plaintiff Sergio Escalona Amador ("Escalona") was offered employment by Maria Kallas while he was visiting the United States on a B-2 non-immigrant visa (Verified Compl. ¶ 14). Kallas agreed to sponsor Escalona and his family for permanent residence (*Id.* ¶ 15). She informed him that although she was not an attorney, her husband,

---

[1] The facts set forth herein are drawn from the Verified Complaint and the Declarations filed by USCIS.

Constantine Kallas, was Assistant Chief Counsel for ICE and would assist in filing the petitions (*Id.* ¶ 15). Escalona avers that Maria Kallas represented that she would secure permanent resident status for Escalona and his family for a legal fee of $17,000 (*Id.* ¶ 15). Escalona agreed and paid the fee (*Id.* ¶ 16).

Escalona's B-2 non-immigrant visa expired in late March of 2006. A month later, Maria Kallas filed an immigrant petition for alien worker and an application for permanent residence on Escalona's behalf (*Id.* ¶ 17). Although Escalona was initially issued an alien worker authorization, the applications for permanent residence were denied on September 12, 2006 (*Id.* ¶ 18). Escalona avers that Maria and Constantine Kallas never informed him that he needed to extend his non-immigrant visa to maintain lawful status (*Id.* ¶ 17).

On June 26, 2008, the Kallases were arrested and charged with immigration fraud and filing false immigration applications (*Id.* ¶ 18). They were ultimately convicted of multiple offenses (*Id.*). Escalona avers that after the arrests, he discovered that the applications filed on his behalf were fraudulent, and that the promised job did not exist (*Id.* ¶ 19). Escalona agreed to cooperate with the federal investigation and testify against the Kallases (*Id.*). In exchange, he was granted "significant public benefit" parole on September 30, 2009, which is valid until August 2012 (*Id.*).

Additionally, Escalona was issued an immigrant visa under the Diversity Visa (DV) Program (*see* 8 U.S.C. § 1153(c)) for fiscal year 2011 (*Id.* ¶ 22). Based on Escalona's DV immigrant visa, Plaintiffs filed I-485 applications to adjust their statuses to permanent residents. *See* 8 U.S.C. § 1255(a). The denial of those applications on July 22, 2011 is the subject of the instant motion. The decision on Escalona's application stated:

> From March 26, 2006 (end of your authorized stay) until April 24, 2006 (filing of the Form I-485) and again from September 12, 2006 (denial of the Form I-485) until September 30, 2009 (issuance of your parole), you failed to maintain a lawful status. Your failure to maintain a lawful status makes you ineligible to adjust status based on section 245(c) [of the Immigration and Nationality Act ("INA")].

(Dkt. 15-1).[2]

The provision cited by USCIS in the decision, INA section 245(c), 8 U.S.C. § 1255(c), provides that adjustment is not available to "an alien . . . who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States . . . ." The decision did not address whether Escalona's failure to maintain lawful status was "through no fault of his own or for technical reasons." Plaintiffs brought this action for review under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, arguing that the USCIS's decision was arbitrary and capricious because it failed to expressly address the no-fault exception.

## Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Jurisdiction is proper, notwithstanding the jurisdiction stripping provisions of 8 U.S.C. § 1252(a)(2)(B), because Plaintiffs' applications were denied based on non-discretionary statutory eligibility grounds. *See Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142-45 (11th Cir. 2009); *Soto-Sosa v. U.S. Attorney Gen.*, 154 F. App'x 141, 144 (11th Cir. 2005); *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005). Plaintiffs' administrative remedies have been exhausted or excused, as no removal proceedings have been commenced, and the ability to adjust Plaintiffs' statuses will expire on September 30, 2011. *See Pinho v. Gonzales*, 432 F.3d 193, 200-02 (3d Cir. 2005).

## Discussion

Plaintiffs request a preliminary injunction to:

> A. Enjoin and rescind Defendant USCIS's decisions dated July 22, 2011, denying the Plaintiffs' I-485 Applications for Adjustment of Status under 8 U.S.C. § 1255(c);
>
> B. Order Defendant USCIS to readjudicate Mr. Escalona's I-485

---

[2] The applications of Escalona's wife and child were denied because their eligibility was dependent on the approval of Escalona's Form I-485 application.

> Application for Adjustment of Status, including his eligibility for the "no fault" exception at 8 U.S.C. § 1255(c)(2), prior to the expiration of Plaintiffs' eligibility under the Diversity Immigrant Visa Program on September 30, 2011 . . . .

(Dkt. 3 at 18).

A preliminary injunction may be granted on a showing of: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

In their pleadings and during oral argument, the parties devoted considerable effort to addressing whether Plaintiffs will ultimately prevail on the merits of the § 1255(c) no-fault exception relative to whether Plaintiffs have shown a substantial likelihood of prevailing on the merits. However, in the context of the judicial review requested, that is not a matter for this Court to address or resolve. *See Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Rather, "the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court" and ". . . is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.*[3]

---

[3] Even if the merits of Plaintiffs' underlying claim were addressed, it is apparent that they cannot show a substantial likelihood of success. First, they did not establish a sufficient nexus between the conduct of Maria Kallas and her husband and the expiration of Escalona's B-2 visa, which on its face states an expiration date. Even if they relied on Maria Kallas' representation that they did not have to do anything, that reliance cannot be said to have been reasonable. Plaintiffs knew she was not an attorney, and it is undisputed that she was not an authorized representative in the immigration process. *See* 8 C.F.R. § 245.1(d)(2)(i); 8 C.F.R. § 292.1(a). Second, the issuance of an alien worker authorization came after Escalona's B-2 Visa expired, so any reliance on that was misplaced. Third, even if the issuance of the alien worker authorization gave rise to reasonable reliance, the application which triggered its issuance was denied in September 2006, and there was a second lapse in Escalona's lawful status after that. Lastly, there is nothing in this record indicating that the Kallases acknowledged their responsibility for the lapse in Escalona's continuous lawful status. *See* 8 C.F.R. § 245.1(d)(2)(i). Counsel conceded this at oral argument but argued that the regulation requiring the acknowledgment was too restrictive. That contention is not persuasive. Nor do Plaintiffs cite any authority supporting it. In sum, even if the merits of Plaintiffs' eligibility for the "no fault" exception are addressed, they have not demonstrated a substantial likelihood of success on that claim.

Under 5 U.S.C. § 706(2)(A), an agency action will be held unlawful and set aside if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*Florida Power & Light Co.*, 470 U.S. at 744.

Accordingly, the question is not whether Plaintiffs have shown a substantial likelihood of success on their claim to the "no fault of their own" exception, but whether Plaintiffs are likely to succeed on the merits of their argument that USCIS's decision was arbitrary and capricious in failing to expressly address the exception. In making this determination, "the reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (quotation omitted).

It is undisputed that the record before USCIS included Plaintiffs' arguments and supporting materials asserting that his failure to maintain continuous lawful status was "through no fault of his own," as provided for in § 1255(c). Escalona had submitted a package of information containing a notarized affidavit and several documents relating to the criminal prosecution and conviction of the Kallases. Indeed, the USCIS adjudicator's declaration avers that "[t]he package was duly considered as evidence submitted in support of his application." (Dkt. 15-1, ¶ 15). But this declaration is not determinative under the appropriate APA standard of review. Rather, the record and decision itself is determinative of whether the decision was arbitrary or capricious. *Florida Power & Light Co. v. Lorion, supra.*

Under the APA, a notice denying an application "shall be accompanied by a brief statement of the grounds for denial." 5 U.S.C. § 555(e); *see also* 8 C.F.R. § 103.3(a)(1)(i) ("[T]he officer shall

explain in writing the specific reasons for denial."). To satisfy this requirement, the notice must "articulate a satisfactory explanation," that is, it must explain "why" the decision was made. *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001) (quotation omitted); *cf. City of Pompano Beach v. F.A.A.*, 774 F.2d 1529, 1538 n.10 (11th Cir. 1985) ("[T]o survive judicial review under the arbitrary and capricious standard an agency must explain the rationale for its decision.").

In this regard, Plaintiffs have not demonstrated that they are likely to succeed on the merits of their argument that USCIS's decision was arbitrary and capricious. The gist of Plaintiffs' claim is that the decision was arbitrary and capricious because it did not expressly address Escalona's argument regarding the no-fault exception. Yet, it is undisputed that the administrative record included Escalona's affidavit which provided the factual basis for his argument, as well as several documents related to the criminal prosecution and conviction of the Kallases. The presence of these documents in the administrative record defeats the contention that this evidence was not considered in the decision denying Plaintiffs' applications. *See Port of Jacksonville Maritime Ad Hoc Comm., Inc. v. U.S. Coast Guard*, 788 F.2d 705, 709 n.6 (11th Cir. 1986). And certainly it cannot be said that the decision failed to "explain in writing the specific reasons for denial," since it specified the lapses in Escalona's lawful status and explained his statutory ineligibility based on those lapses.[4]

Plaintiffs have therefore not shown a substantial likelihood of success on the merits of their claim that USCIS's decision was arbitrary and capricious. As for the remaining elements, Plaintiffs have not, notwithstanding that Escalona's ability to adjust his status under the DV program will irrevocably expire on September 30, 2011, demonstrated irreparable harm. Plaintiff's special parole status does not expire until August, 2012. He has avenues of review if and when a removal proceeding is commenced. Finally, counsel concedes that there are alternatives available to Plaintiffs

---

[4] Further, Plaintiffs have not demonstrated that 5 U.S.C. § 555(e) or 8 C.F.R. § 103.3(a)(1)(i) require USCIS to explicitly address and reject all arguments raised by a party before denying relief.

in seeking adjustment of status. In sum, Plaintiffs are not likely to be removed while the special parole status is in place and other avenues of seeking an adjustment of status remain available.

One final note is appropriate, considering the unusual procedural posture of this case. The relief Plaintiffs seek by way of a preliminary injunction is not limited to preserving the status quo. Entry of the requested injunction would essentially resolve Plaintiffs' case on the merits. That is, Plaintiffs seek a determination on their claim that the USCIS decision was arbitrary and capricious, and they request rescission of the decision and remand for a "re-adjudication." In other words, the preliminary injunction Plaintiffs seek would be all of the relief they otherwise assert entitlement to. There would be nothing left to adjudicate on the merits. This is not proper for preliminary injunctive relief, as a preliminary injunction cannot be used to render a full and final decision on the merits. *Cf. H. K. Porter Co., Inc. v. Metro. Dade Cnty.*, 650 F.2d 778, 783 (5th Cir. Unit B 1981) (district court erred by deciding the merits of the parties' claims in ruling on a motion to dissolve a temporary restraining order, because the hearing on the motion "did not constitute a full trial on the merits").[5]

## Conclusion

Accordingly, Plaintiffs' motion for a preliminary injunction (Dkt. 3) is DENIED.

DONE AND ORDERED on this 28th day of September, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as well as all decisions by a Unit B panel of the former Fifth Circuit, *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).